NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0066n.06

Case No. 12-6622

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,                    )
                                             )
        Plaintiff-Appellee,                  )
                                             )                    **FILED**
v.                                           )                    Jan 27, 2014
                                             )                    DEBORAH S. HUNT, Clerk
                                             )        ON APPEAL FROM THE UNITED
LEONARDO WILLIAMS,                           )        STATES DISTRICT COURT FOR
                                             )        THE EASTERN DISTRICT OF
        Defendant-Appellant.                 )        TENNESSEE
                                             )
                                             )

        BEFORE:  SUHRHEINRICH, GIBBONS, and COOK, Circuit Judges.

        COOK, Circuit Judge.  Leonardo Williams conspired with several others to defraud

banks by cashing counterfeit checks.  Participants drafted checks purportedly on behalf of real

businesses, forging the signatures of people authorized to sign the checks.  For his part, Williams

pleaded guilty to one count of conspiracy to commit bank fraud, *see* 18 U.S.C. § 1349, and one

count of aggravated identify theft, *see id*. § 1028A.  He appeals the identity-theft conviction,

arguing that a signature cannot constitute a "means of identification of another person" under the

statute.  We disagree and affirm.

                                             I.

        After his indictment, Williams signed a plea agreement stipulating to key facts related to

the aggravated identity-theft charge.  The identity-theft statute punishes those who, "during and

in relation to any felony [including bank fraud] . . . knowingly . . . possesses . . ., without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1). Williams stipulated that he knowingly possessed a counterfeit check in relation to a bank-fraud conspiracy; that coconspirators drafted the check on the legitimate bank account of Oral and Maxillofacial Surgical Specialists, P.C.; and that the drafters forged the signature of a real person authorized to sign the check. (R. 513, Plea Agreement ¶ 4.)

The plea agreement also expressly reserves for Williams the right to appeal the issue (not presented to the district court) of "whether the forged signature of a person authorized to sign the counterfeit check . . . constitutes a 'means of identification of another person.'" (*Id*. at ¶ 11(a).) The court determined under Federal Rule of Criminal Procedure 11(b)(3) that "there [was] a factual basis for the plea," and sentenced Williams to 54 months' imprisonment.

II.

We first note the difficulty in construing Williams's appellate claim given that he assigns no error to any adjudicatory act of the district court. Although Williams's plea agreement envisioned a challenge to the plea agreement's foundation—that Williams possessed a "means of identification of another person"—that challenge needed to be lodged and ruled upon by the district judge in order for meaningful testing of the sufficiency-of-the-evidence issue on appeal. Nevertheless, Williams may challenge the court's factual-basis finding even absent a district-court objection. *See United States v. Taylor*, 627 F.3d 1012, 1017 (6th Cir. 2010); *United States v. Mobley*, 618 F.3d 539, 544 (6th Cir. 2010). We review this unpreserved claim for plain error. *See Mobley*, 618 F.3d at 544.

Here we discern no error, plain or otherwise, in the district court's factual basis. The statute requires facts showing that Williams "possesse[d] . . . a means of identification of another

person." 18 U.S.C. § 1028A(a)(1); *Flores-Figueroa v. United States*, 556 U.S. 646, 648 (2009). It defines "means of identification" as "*any name . . .* that may be used, alone or in conjunction with any other information, to identify a specific individual." 18 U.S.C. § 1028(d)(7) (emphasis added). "[A]nother's name in the form of a signature is [included in] the definition of 'means of identification.'" *United States v. Blixt*, 548 F.3d 882, 887 (9th Cir. 2008). Williams argues that, in the absence of record evidence of legibility, no evidence shows that the signature identified a specific person. But a copy of the check (attached to the plea agreement) shows a legibly written "Neda D. Stephens" as signatory for "Oral & Maxillofacial Surgical Specialists, P.C." (R. 513, Plea Agreement at 10.) The employee's signature and place of employment identified her, specifically.

III.

For these reasons, we AFFIRM the judgment of the district court.